## WILLIAM KANE *v.* JOE MEDEIROS, GUARDIAN OF CAESAR LOPES AND RICHARD LOPES, MINORS.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 6, 1909.                    DECIDED OCTOBER 11. 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

GUARDIAN AND WARD—*promise to pay ward's debts.*

A guardian's promise to pay ward's debts, incurred prior to his appointment, being without consideration. is not actionable.

OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff was nonsuited upon a showing made by his evidence that he had furnished board and lodging to the minors prior to the appointment of the defendant as guardian and that after the appointment the defendant promised to pay the plaintiff therefor, the complaint alleging that the "defendant is indebted to the plaintiff in the sum of forty-two dollars for boarding and lodging said minors," and that "in consideration whereof said defendant promised to pay said sum to plaintiff." But the defendant was not indebted as alleged; it was the minors, if any one, who were indebted for necessaries. The action therefore does not lie against the guardian since the evidence shows there is no legal consideration for his promise.

If the debt is due from the minors and their estate should justify the guardian in making the payment and he should make it his accounts would undoubtedly be allowed in probate. The statute requires the guardian to "pay all just debts due from the ward out of his personal estate, if sufficient, and if not, out of his real estate, upon obtaining a license for the sale thereof, as hereinafter provided." Sec. 2313 R. L. But the

Kane v. Medeiros, 19 Haw. 564.

remedy for his failure to do this would not be an action against him in the present form.

Exception to nonsuit overruled.

*W. C. Achi* for plaintiff.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for defendant.